**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Atlantica LLC,

              Plaintiff,                        **Case No. 2:24-cv-4098**

      v.                              **Chief District Judge Sarah D. Morrison**
                                            **Magistrate Judge Kimberly A. Jolson**

Ameena Salahuddin,

              Defendant.

**<u>REPORT AND RECOMMENDATION</u>**

Defendant Ameena Salahuddin, an Ohio resident proceeding *pro se*, purports to remove this case from state court. The Court previously granted her request to proceed *in forma pauperis*. (Doc. 4). Having reviewed this action, the Undersigned **RECOMMENDS** that the matter be **DISMISSED**.

## I.      BACKGROUND

Defendant styles this action as a case removed from the Franklin County Municipal Court. (Doc. 1-2). Yet, in reviewing the Complaint (Doc. 8-1) and online dockets, this case originated in the Franklin County Court of Common Pleas.[1] And, oddly, Defendant does not title her notice of removal as such. Rather, she calls it a "Notice of Appeal." (Doc. 1-1 at 1). In it, she says she seeks to appeal an October 22, 2024, order by Franklin County Judge Julie Lynch "which ruled on granting foreclosure judgment and the sale of [Defendant's] land in favor of [Plaintiff]." (Doc. 1-1 at 1). Plaintiff additionally filed a Motion to Stay Pending Appeal, which requests the Court stay

---

[1] *See* Case Nos. 17-CV-011307 and 23-AP-000035, viewed at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

the enforcement of Judge Lynch's order "confirming the sale of [Defendant's] property." (Doc. 3).

The Notice of Appeal purports this Court has jurisdiction to hear this case under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. (*Id.*). And Defendant lists various federal civil rights, state civil rights, and federal and state laws she says have been violated. (*Id.* at 1–2). But the Court was unsure of these jurisdictional hooks. Consequently, Plaintiff was ordered to show cause and explain the basis for this Court's jurisdiction over this action. (Doc. 4). The Court stayed briefing on the Motion to Stay in the meantime. (Doc. 7). Defendant timely responded to the show cause order. (Doc. 8). The Court now considers that response, as well as Defendant's Notice of Appeal.

## II.    DISCUSSION

Because Defendant is proceeding *in forma pauperis*, the Court must dismiss any action that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). Additionally, it is the Court's responsibility to consider *sua sponte* whether it has subject-matter jurisdiction to hear a case. *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) ("'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to consider *sua sponte* whether they have such jurisdiction." (citation omitted)).

Defendant argues that this case is properly removed from state court. But because Defendant titled her initial filing "Notice of Appeal"; referred to herself as "appellant" and Plaintiff as "appellee"; and asks that this Court "reverse and/or remand" a foreclosure order, the Undersigned questions whether this action is a removal in substance at all. (Doc. 1-1). Regardless, Defendant ultimately seeks federal appellate review of a state court judgment. (*Id.* at 2 (requesting this Court reverse the Franklin County [Court of Common Pleas] October 22 order; dismiss state

2

court case from further proceedings; and grant her quiet title)). Simply put, the Court has no jurisdiction to do so.

To begin, the Rooker–Feldman doctrine bars this federal court action. "The Rooker–Feldman doctrine instructs that because the United States Supreme Court has exclusive jurisdiction to hear appeals from state court judgments, lower federal courts lack jurisdiction over cases that in effect seek appellate review of state court judgments." *ADSA, Inc. v. Ohio*, 176 F. App'x 640, 643 (6th Cir. 2006); *see also Saker v. Nat'l City Corp.*, 90 F. App'x 816, 818 n.1 (6th Cir. 2004) ("Because Rooker–Feldman concerns federal subject matter jurisdiction, this court may raise the issue *sua sponte* at any time.") (citation omitted). The Sixth Circuit has summarized the doctrine "as being designed to prevent 'a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment [in the lower federal courts] based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Pieper v. Am. Arb. Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (citation and internal quotation marks omitted) (alterations in original).

Very little analysis is necessary to conclude that this is precisely what Defendant seeks to do. Defendant's Notice of Appeal contends that the state court's judgment should be reversed or remanded based on several alleged violations of federal laws. (Doc. 1-1 at 1). In other words, the "federal relief can only be predicated upon a finding that the state court was wrong." *ADSA, Inc.*, 176 F. App'x at 643 (citation omitted). Rooker–Feldman therefore applies. That Defendant styles this case as a removal does not save it, as "the logic undergirding the Rooker–Feldman doctrine— that federal district courts lack jurisdiction to review state court judgments—applies equally in the context of removed actions." *Baker v. Residential Funding Co.*, LLC, 886 F. Supp. 2d 591, 596 (E.D. Mich. 2012).

Yet even if the doctrine did not apply here, the Court would still not have jurisdiction to consider this case.  The federal removal statute permits removal of a state civil action to federal court when the federal court has original jurisdiction over the matter.  28 U.S.C. § 1441.  In other words, "the action must have been a case which could have been brought originally in the proper federal court."  *Border City Sav. & Loan Ass'n v. Kennecorp Mortg. & Equities, Inc.*, 523 F. Supp. 190, 192 (S.D. Ohio 1981).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Finally, "[a] corollary to the 'well-pleaded complaint' rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question."  *Archer v. Arms Tech., Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998)).

Defendant argues that Plaintiff's state court complaint triggers federal jurisdiction "because it centers around a Federal Housing Administration ["FHA"] promissory note and mortgage which is paramount to the foreclosure itself and appears in [Plaintiff's] complaint not less than twelve times."  (Doc. 8 at 1; *see also* Doc. 8-1 (Plaintiff's state court compliant)).  But, on its face, Plaintiff's complaint does not invoke federal law.  (*See* Doc. 8-1).  And ultimately, Plaintiff requests relief under state law.  (*Id.* at 5).

What's more, "[i]t is well-settled that foreclosures are creatures of state law."  *See Green Tree Servicing, LLC v. Eddie*, No. 3:13-CV-63, 2013 WL 1867023, at *2 (S.D. Ohio May 2, 2013) (rejecting a plaintiff's argument that federal question jurisdiction existed on the basis that the note and mortgage at issue were insured by the FHA).  This Court has commented:

> Exercising federal jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of judicial

> responsibilities from state to federal courts. Conceivably, many borrowers with FHA-insured loans who seek to avoid foreclosure or to recover for wrongful foreclosure or similar relief could rely on violations of [Housing and Urban Development ("HUD")] regulations to assert state-law actions in federal court based on federal question jurisdiction, or to bring such claims in state court, triggering a right of removal on the same basis. By contrast, in *Grable* it was clear that the balance between state and federal judicial responsibilities would not be disturbed by exercising federal jurisdiction, in part because quiet title actions rarely raise contested issues of federal law . . . Litigating statelaw foreclosure lawsuits . . . in a federal forum thus "threaten[s] to affect . . . the normal currents of litigation," in which foreclosure proceedings are generally litigated in state courts.

*Id.* (quoting *Leggette v. Washington Mut. Bank, FA*, No. 3:03-cv-2909, 2005 WL 2679699, at *4 (N.D. Tex. Oct. 29, 2005) (citation omitted)). Accordingly, Defendant's arguments that the complaint triggers federal jurisdiction because Plaintiff allegedly failed to invoke FHA guidelines and claims in compliance with HUD regulations are not persuasive. (*See* Doc. 8 at 2). Again, what is important is what is disclosed on the face of Plaintiff's well-plead complaint, not Defendant's affirmative defenses or counterclaims. *Border City Sav. & Loan Ass'n*, 523 F. Supp. at 192–93; *Archer*, 72 F. Supp. 2d at 787.

Neither are the cases Defendant cites particularly helpful to her. The cases either do not present issues of removal jurisdiction or are wholly irrelevant. *See, e.g.*, *Mitchell v. Chase Home Fin. LLC*, 3:06-CV-2099-K, 2008 WL 623395 (N.D. Tex. Mar. 4, 2008) (granting summary judgment and dismissing with prejudice the plaintiffs' claims for, among others, violations of HUD regulations and breach of contract); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401 (9th Cir. 2011) (considering the jurisdictional hook of an appeal of an arbitration award); *Speleos v. BAC Home Loans Servicing, L.P.*, 824 F. Supp. 2d 226 (D. Mass. 2011) (granting in part and

denying in part a motion to dismiss a plaintiff's claims that the defendants violated the Home Affordable Modification Program).[2]

In sum, the Court lacks jurisdiction to consider this action.  As such, this case should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that this matter be **DISMISSED**.

Date: November 26, 2024                    /s/Kimberly A. Jolson
                                                        KIMBERLY A. JOLSON
                                                        UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report

---

[2] The Undersigned was unable to locate several of the cases Defendant cites, including "*Guzman v. Carrington Mortgage Services*, LLC, 2016 WL 3526276 (S.D. Cal. 2016)"; "*Perry v. H.U.D.*, 2016 WL 3396931 (E.D. Mich. 2016)"; and "*Robinson v. Bank of America, N.A.*, 2011 WL 587054 (S.D. Tex. 2011)."

and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).