# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ATLANTICA LLC,

      Plaintiff,      :

   v.                    Case No. 2:24-cv-4098
                        Chief Judge Sarah D. Morrison
                        Magistrate Judge Kimberly A. Jolson

AMEENA SALAHUDDIN,    :

      Defendants.

## ORDER

Ameena Salahuddin removed this action from the Franklin County Court of Common Pleas through a document titled Notice of Appeal. (ECF No. 1-1.) The removal/appeal concerns a foreclosure action that Atlantica LLC prosecuted against Ms. Salahuddin. *Atlantica LLC v. Salahuddin*, No. 17 CV 011307 (Franklin Cty. C.P., filed Dec. 22, 2017). Specifically, Ms. Salahuddin asks this Court to (i) reverse an October 2024 state court order confirming a sheriff's sale of her home and (ii) intervene to stop the sale. (ECF Nos. 1-1 and 3.) Shortly after Ms. Salahuddin removed the case, the Magistrate Judge ordered her to show cause why this Court—a court of limited jurisdiction—has authority to hear her cause. (ECF No. 4.) Ms. Salahuddin responded. (ECF No. 8.) In a Report and Recommendation, the Magistrate Judge recommended that this Court dismiss the cause for lack of subject matter jurisdiction. (R&R, ECF No. 9.) Ms. Salahuddin objected. (Obj., ECF No. 10.)

If a party objects to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge first evaluated whether Ms. Salahuddin's Notice is properly construed as a removal, but concluded that "whether this action is a removal" or not, Ms. Salahuddin "seeks federal appellate review of a state court judgment." (R&R, PAGEID # 86.) She explained that federal district courts lack jurisdiction over such claims. (*Id.*, PAGEID # 87). *See also Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The Magistrate Judge went on to explain that the other federal statutes cited by Ms. Salahuddin do not confer subject matter jurisdiction over her claims. (*Id.*, PAGEID # 61.)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. Ms. Salahuddin's objections provide no basis otherwise. There, Ms. Salahuddin "acknowledges that she erred in filing her . . . case in this court," and asks the Court's leniency in view of her *pro se* status. (Obj., PAGEID # 92.) But without subject-matter jurisdiction, the Court has no power to exercise leniency. Accordingly, Ms. Salahuddin's Objections (ECF No. 10) are **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 9). The case is **DISMISSED**. Ms. Salahuddin's pending motion (ECF No. 3) is **DENIED as moot**. The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**